**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

CHASE BANK USA, N.A.,                                         Case No. 1:09-cv-09795

                Plaintiff,

                                                        **COMPLAINT**

   -against-

UNIFUND PORTFOLIO A LLC,

                Defendant.

---------------------------------------------------------------------

      Plaintiff, Chase Bank USA, N.A., ("Chase"), by and through its attorneys Stagg, Terenzi, Confusione & Wabnik, LLP, as and for its Complaint, alleges as follows:

### The Parties

    1.    At all times hereinafter mentioned, Chase was and is a national banking association, federally chartered and existing under the laws of the United States, with its main office in the State of Delaware.

    2.    Upon information and belief, at all times hereinafter mentioned, defendant Unifund Portfolio A LLC ("Unifund") was and is a limited liability company organized under the laws of Ohio, with a principal place of business at 10625 Techwood Circle, Cincinnati, Ohio.

### Jurisdiction and Venue

    3.    This Court has jurisdiction over this action because there is complete diversity among the parties and the amount in controversy exceeds $75,000.

    4.    Venue lies in this judicial district pursuant to 28 U.S.C. § 1391(a)(3).

## Background

5. Chase operates MasterCard and Visa credit card programs and revolving credit products. Chase from time to time charges-off accounts which are delinquent and sells the accounts to private companies that will attempt collection. The outstanding balances remain the obligations of the defaulting cardholders.

6. On or about January 1, 2008, Chase entered into a Credit Card Account Purchase Agreement (the "Agreement") with Unifund. Under the Agreement, Unifund agreed to purchase no less than 70% of Chase's charged-off accounts during the months of January 2008 through December 2008.

7. Pursuant to the terms of the Agreement, the purchase price was determined by multiplying the total unpaid balances of the charged-off accounts as of the file creation date by 5.90%. If Chase provided the charged-off accounts in a digitized media form within thirty (30) days of the closing date, the purchase price was increased by .2%, for a total of 6.1%.

8. In or about July 2008, Unifund refused to purchase any more charged-off accounts.

9. In an effort to mitigate its damages, Chase entered into agreements with two other companies to sell the charged-off accounts. However, Chase was unable to secure the same purchase price with these companies which resulted in Chase selling the charged-off accounts for less than what it would have sold them to Unifund under the terms of the Agreement.

10. As a result, Chase incurred damages of approximately $15,842,031.35.

## AS AND FOR A FIRST CLAIM
### (Breach of Contract)

11. Chase repeats and realleges the allegations in the prior paragraphs.

12. Chase entered into the Agreement with Unifund, pursuant to which Unifund agreed to purchase no less than seventy-percent (70%) of Chase's charged-off accounts from January 1, 2008 through December 31, 2008.

13. Chase fully complied with the terms of the Agreement.

14. In or about July 2008, Unifund breached the Agreement by refusing to purchase any of Chase's charged-off accounts.

15. As a result of the foregoing, Chase has been damaged in an amount to be determined at trial, but in no event totaling less than $15,842,031.35, plus interest, reasonable attorney's fees and the cost and expenses of the litigation as provided for in the Agreement.

## AS AND FOR A SECOND CLAIM
### (Unjust Enrichment)

16. Chase repeats and realleges the allegations in the prior paragraphs.

17. Unifund has benefited from retaining funds belonging to Chase under the terms of the Agreement.

18. Unifund never gave Chase consideration for the benefits it received by retaining the funds.

19. As a result, Unifund has been unjustly enriched and Chase demands in equity and good conscious that Unifund reimburse Chase.

20. As a result of the foregoing, Chase has been damaged in an amount to be determined at trial, but in no event totaling less than $15,842,031.35, plus interest,

reasonable attorney's fees and the cost and expenses of the litigation as provided for in the Agreement.

### AS AND FOR A THIRD CLAIM
**(Money Had and Received)**

21. Chase repeats and realleges the allegations in the prior paragraphs.

22. Unifund retained funds belonging to Chase under the terms of the Agreement.

23. Unifund benefited from retaining funds belonging to Chase under the terms of the Agreement.

24. Unifund was not entitled to retain the funds.

25. Under principals of equity and good conscious, Unifund should not be permitted to keep the benefit received by retaining the funds.

26. As a result of the foregoing, Chase has been damaged in an amount to be determined at trial, but in no event totaling less than $15,842,031.35, plus interest, reasonable attorney's fees and the cost and expenses of the litigation as provided for in the Agreement.

**WHEREFORE**, Chase requests judgment as follows:

(a) Awarding Chase damages in an amount to be determined at trial, but not less than $15,842,031.35, plus interest;

(b) Awarding Chase its costs and disbursements in this action, including reasonable attorney's fees and costs; and

(c) Awarding Chase such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
November 24, 2009

        Yours, etc.,

        Stagg, Terenzi, Confusione & Wabnik, LLP

By: _____
Thomas E. Stagg (ts-0663)
Haley E. Olam (ho-2482)
Attorneys for Plaintiff
Chase Bank USA, N.A.
**Office & P.O. Address:**
401 Franklin Avenue, Suite 300
Garden City, New York 11530
(516) 812-4500
(516) 812-4600 Fax

5